UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 14-168** |
| **RAY WOODRUFF** | **SECTION I** |

## ORDER & REASONS

Before the Court is *pro se* defendant Ray Woodruff's ("Woodruff") "relevant motion of letter to judge,"[1] which the Court construes as a motion for post-conviction relief pursuant to 28 U.S.C. § 2255, a motion to appoint counsel, and a motion to proceed *in forma pauperis*. For the reasons below, the Court dismisses the motion without prejudice.

On September 21, 2015, Woodruff pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin and 280 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846, and one count of use of a firearm in furtherance of a drug trafficking crime that resulted in death in violation of 18 U.S.C. § 924(j)(1) and (2).[2] The Court sentenced Woodruff to a term of imprisonment of 360 months, and he is currently incarcerated.[3]

---

[1] R. Doc. No. 989.
[2] R. Doc. No. 408.
[3] R. Doc. No. 538.

1

In the instant motion, Woodruff states that he intends "to file an ineffective representation claim in court" related to his former counsel's actions in this matter, that he is "doing this under the Poor Person Act," and he requests that the Court "grant [him] counsel that can assist [him] moving forward."[4]

Pursuant to § 2255(a), "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . , or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." An individual may file one § 2255 without restriction; however, "[a] second or successive motion" pursuant to that statute "must be certified . . . by a panel of the appropriate court of appeals to contain" newly discovered evidence or a new, retroactive rule of constitutional law. 28 U.S.C. § 2255(h).

In his motion, Woodruff appears to challenge his federal conviction based on alleged ineffective assistance of counsel. However, the motion does not mention § 2255, nor was it filed with the form that this Court provides for individuals challenging their convictions pursuant to that statute.[5] Woodruff has not previously filed a § 2255 motion. "[W]hen a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion" it "must notify the *pro se* litigant that it intends to recharacterize

---

[4] R. Doc. No. 989 at 1, 2.
[5] *2255 Motion To Vacate (Federal Conviction)*, U.S. DIST. CT., E.D. LA., https://www.laed.uscourts.gov/pro-se/2255-motion-vacate-federal-conviction (last visited Mar. 28, 2023).

the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003).

In accordance with *Castro*, the Court informs Woodruff that it understands his motion as requesting relief pursuant to § 2255. Because the Court dismisses the instant motion without prejudice, reserving Woodruff's right to refile it, the instant motion will not serve as his first § 2255 motion for purposes of the "second and successive" restrictions. However, should Woodruff choose to refile, the refiled motion will serve as his first § 2255 motion, and any subsequent motions pursuant to that statute would be subject to the restrictions on second and successive motions.

As noted, Woodruff also requests appointment of counsel in connection with his motion. There is no constitutional right to counsel in § 2255 proceedings. *See United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993). However, "a court has discretion to appoint counsel to a 'financially eligible person' seeking relief under 28 U.S.C. § 2255 when 'the interests of justice so require.'" *United States v. Williams*, No. 13-286, 2018 WL 3417802, at *1 (E.D. La. July 13, 2018) (Vance, J.) (quoting 18 U.S.C. § 3006A(a)(2)). Additionally, "the Court must appoint counsel to represent [an individual in a § 2255 proceeding] if it determines that [that individual] qualifies for appointed counsel under 18 U.S.C. § 3006A, and that counsel is necessary for effective discovery or an evidentiary hearing." *Marquez v. United States*, No. 17-65, 2017 WL

10186409, at *1 (W.D. Tex. Mar. 16, 2017) (footnotes omitted) (citing 28 U.S.C. foll. § 2255 Rules 6(a) and 8(c)). Woodruff's motion does not provide information that suggests appointment of counsel is warranted at this time.

Finally, the Court understands Woodruff's motion to request leave to proceed *in forma pauperis*, but he has not provided the financial information necessary to evaluate that request. *See* 28 U.S.C. § 1915.

For the foregoing reasons,

**IT IS ORDERED** that Woodruff's motion[6] is **DISMISSED WITHOUT PREJUDICE**, reserving Woodruff's right to refile the motion in proper form and with all necessary information.

New Orleans, Louisiana, March 29, 2022.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. No. 989.